# EXHIBIT A

| | | |
|---|---|---|
| CIVIL RIGHTS DIVISION, | * | IN THE |
| OFFICE OF THE ATTORNEY GENERAL | * | |
| OF MARYLAND, | * | CIVIL RIGHTS DIVISION |
| | * | |
| *Petitioner*, | * | OF THE OFFICE OF THE |
| | * | |
| v. | * | ATTORNEY GENERAL |
| | * | |
| BAY PROPERTY | * | |
| MANAGEMENT GROUP | * | |
| | * | |
| *Respondent*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ADMINISTRATIVE SUBPOENA

ISSUED TO:

Bay Management Group, LLC
6 Halbright Court
Timonium, MD 21093


SERVED ON:   Patrick M. Freeze
6 Halbright Court
Timonium, MD 21093
pfreeze@baymgmtgroup.com

**YOU ARE HEREBY COMMANDED** by the authority of the State of Maryland and the Attorney General of Maryland, pursuant to the provisions of Md. Code Ann State Gov't, § 20-1044(b), to produce on or before January 13, 2025, the documents described below to the attention of:

Marquel Melton
Office of the Attorney General
Civil Rights Division, 19th Floor
200 St. Paul Place
Baltimore, Maryland 21202
mmelton@oag.state.md.us

Date: December 2, 2024

_____
Marquel Melton
Assistant Attorney General
Office of the Attorney General
Civil Rights Division

## DEFINITIONS AND INSTRUCTIONS

1. The term **"adjudication matrix"** means your designation of categories of crimes and/or arrests over certain time periods that may make an applicant ineligible for housing.

2. The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. The term **"any"** shall be construed as synonymous with **"every**,**"** and **"all"** shall be all-inclusive.

4. The term **"applicant"** means any individual who has applied to rent any type of housing with you. This includes any individual who has received a lease agreement that is contingent on completion of a criminal background check.

5. The term **"arrest record"** means an official document or record that lists an individual's history of being taken into custody by law enforcement. It typically includes details of the alleged offenses, dates of arrest, and the outcome or status of each case. An arrest record does not necessarily indicate guilt or conviction.

6. The term **"conviction record"** means an official document or record that shows an individual has been found guilty of a crime by a court of law, either through a plea or a trial. It includes details of the offense, the court's verdict, and any resulting penalties, such as fines, probation, or imprisonment.

7. The term "**criminal background check**" means a process of investigating any records of arrest or convictions for criminal activity under federal, state, or local law of an applicant for housing.

8. The term **"document"** means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes, but is not limited to, the following: agreements; contracts; lease agreements; memoranda; reports; letters; notices; diagrams; charts; graphs; photographs; notes; notebooks; spreadsheets; work sheets; photocopies; drafts, whether or not they resulted in a final document; interoffice and intra-office communications; electronic mail (email); instant messages; telephone calls; voice mails; text messages; minutes of meetings, conferences, and telephone or other conversations or communications; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

   The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or

other information retrieval systems (including any computer archives or back-up systems), together with the associated metadata, instructions, and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, including but not limited to, your past or present agents, employees, or representatives acting on your behalf.

9. The term **"housing"** means any dwelling, residential property, or rental unit offered for rent or lease by you, including but not limited to apartments, single-family homes, townhomes, condominiums, or any other type of residence that is made available for tenants.

10. The term **"individualized assessment"** means the process you use to inform an applicant or tenant that they may be excluded from housing because of the results of a criminal background check and any subsequent opportunity the applicant may receive to demonstrate why he/she/they should not be excluded from housing.

11. The term **"real estate"** means land, and anything fixed, immovable, or permanently attached to it.

12. The term **"rental assistance"** means financial aid provided to help individuals or families afford housing by covering a portion of their rent. It includes financial assistance offered through non-profit organizations or government programs, such as Housing Choice Vouchers, Veterans Affairs Supportive Housing (VASH) vouchers, or emergency rental assistance.

13. The term **"tenant"** means any individual who has engaged in a real estate-related transaction by signing a lease or otherwise leasing a unit you. This includes all individuals who currently reside or previously resided at the property.

14. **"You"** and **"your"** as used herein means Bay Property Management Group, and all of its fictitious or trade names, parent entities, subsidiaries, affiliated entities, predecessor entities, successor entities, and all other business entities or individuals acting, or purporting to act, on its behalf.

## INSTRUCTIONS

1. **Documents No Longer in Possession of Respondent/Destroyed Documents:** If any responsive document was, but no longer is, in your possession, custody or control, produce a description of each such document. The description shall include the following:

    a. the name of each author, sender, creator, and initiator of such document;

b. the name of each recipient, addressee, or party for whom such document was intended;
c. the date the document was created;
d. the date(s) the document was in use;
e. a detailed description of the content of the document;
f. the reason it is no longer in your possession, custody or control; and
g. the document's present whereabouts.

If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the disposal.

2. **Organization of Responses:** The documents produced shall be identified and segregated to correspond with the number and subsection of the request. Identical copies of responsive documents need not be produced. However, any copy of a document that differs in any manner, including but not limited to the presence of handwritten notations, shall be produced.

3. **Electronic Sources:** Produce documents from all sources, including all electronic sources and devices. Electronic devices include, but are not limited to, desktops, laptops, iPads, tablets, cellphones, desk phones, and all other electronic devices where responsive documents are stored.

4. **Electronic Documents:** If any responsive document is available in electronic format, the document shall be provided in electronic format.

5. **Format of Electronic Documents:** Produce all documents in either PDF, TXT, DOC format with associated OCR text, together with industry standard Nextpoint load files and associated files including, but not limited to, all dat., opt., txt., and tiff files. Preserve all metadata in the documents that are produced. To the extent available, produce all data in an Excel format, otherwise as a Comma Separated Value text file with a txt. or csv. extension. All documents should also be produced in their native format with reference to any associated document ID. Such electronic records and data should be provided on generally supported storage media, either through a ZIP file or a shared OneDrive folder that the Office of the Attorney General can set up. If preferred by the parties, the electronic records and data can be provided on a universal serial bus (USB) or external hard drive.

6. **Privileged Documents:** If any responsive document is withheld under any claim of privilege, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

    a. the name of each author, writer, sender, creator, or initiator of such document;
    b. the name of each recipient, addressee, or party for whom such document was intended;

    c. the date of such document, or an estimate thereof if no date appears on the document;
    d. the general subject matter of the document; and
    e. the claimed grounds for withholding the document, including – but not limited to – the nature of any claimed privilege and grounds in support thereof.

7. **Duty to Supplement:** All document requests are continuing in nature so as to require supplementary documents if you obtain further responsive documents.

8. **Duty to Preserve Documents:** All documents and/or other data which relate to the subject matter or requests of this administrative subpoena must be preserved. Any destruction involving such documents must cease, even if it is your normal or routine course of business to delete or destroy such documents or data and even if you believe such documents or data are privileged or otherwise need not be produced.

9. **Documents in Another Format:** If documents requested below are in a format other than the ones requested, but that would otherwise be responsive to the request, Bay Property Management Group and their legal representative should send the documents in the available format. In addition, they should notify the Civil Rights Division of the different format provided.

10. **Questions Regarding the Production:** Any and all questions regarding the production, including the meaning of any request should be directed to Marquel Melton at mmelton@oag.state.md.us. You are encouraged to contact Mr. Melton promptly regarding any questions or concerns to ensure efficiency and to eliminate any unnecessary burden of production or review of the documents.

## DOCUMENTS TO BE PRODUCED

1. All documents that constitute your policies, practices, and procedures utilized by you in the last three (3) years regarding the consideration of criminal background checks in the rental or lease of housing. Your response should include:
    a. All housing advertisements, online postings, webpages, brochures, or other marketing materials published in the last three (3) years that outline tenant qualifications, including references to criminal background check policies, felony convictions, or other criteria related to criminal history.
    b. Any rental application forms used in the past three (3) years that include sections on criminal history or felony convictions. This includes any versions of the forms.
    c. Adjudication matrices and/or documents identifying categories of arrest and/or conviction types for which applicants and/or tenants have been excluded from housing in the last three (3) years.
    d. Documents explaining how criminal background checks are considered in housing decisions, including any look-back periods.

    e. Any documents that identify and/or explain policies and procedures you used in the last three (3) years pertaining to your criminal background check process, including adjudication and individualized assessments of applicants and/or tenants with a criminal history.
    f. Any pro forma document used in the last three (3) years to:
        i. Notify applicants and/or tenants they may be or are excluded from housing with you because of the results of a criminal background check (e.g., Pre-Adverse Action and Final Adverse Action notices);
        ii. Notify applicants and/or tenants they may be or are excluded from housing with you because of the results of a criminal background check and of their opportunity to present evidence of mitigation or rehabilitation;
        iii. Notify applicants and/or tenants they have been excluded from housing with you because of the results of a criminal background check, regardless of whether the applicant presented evidence of mitigation or rehabilitation.
    g. Documents sufficient to identify any training related to the Fair Housing Act you have required of your employees and/or agents involved in your criminal background check processes in the past three (3) years.
    h. Any contract or agreement you made with a person or company within the last three (3) years to conduct criminal background checks of your tenants and/or applicants; to notify applicants and tenants of the results of a criminal background check; to conduct an individualized assessment of applicants; and/or make final decisions or recommendations on providing housing for applicants.
    i. Any instructions, policies, or communications from property owners regarding the consideration and use of criminal background checks in tenant screening.
2. All documents that constitute your policies, practices, and procedures utilized by you in the last three (3) years regarding the consideration of applicants who receive rental assistance in the rental or lease of housing. Your response should include:
    a. All housing advertisements, online postings, brochures, or other marketing materials published in the last three (3) years that include any references to the acceptance or rejection of rental assistances.
    b. Any rental application forms used in the past three (3) years that include sections related to rental assistance.
    c. Documents identifying criteria or guidelines used to evaluate rental assistance recipients in the tenant selection process.
    d. Any documents or correspondence that outline your policies and procedures for accepting or denying applicants based on their receipt of rental assistance.
    e. All documents used to notify applicants and/or tenants that they have been excluded from housing because of their use of rental assistance, including any opportunity provided for the applicant to challenge the exclusion or provide additional information.

3. All correspondence or communications within the last three (3) years with any person or company engaged by you to conduct background investigations or verify the eligibility of applicants based on criminal records or rental assistance use. Your response should include:
   a. Communications that refer to or mention the methodology or procedure for conducting criminal background checks and/or the criteria used to evaluate the results of a background check to determine tenant suitability.
   b. Any communications with third-party companies, housing authorities, or other agencies concerning policies related to the acceptance or rejection of rental assistance program participants.
4. All documents concerning rental applications submitted during the last three (3) years by persons with a criminal record. Your response should, at a minimum, include:
   i. The application
   ii. Record of payment of the application fee
   iii. Records concerning any background check performed, including the request for and the results of the background check
   iv. All written communication from or to the applicant by Bay Property Management or its employees, agents, or contractors
   v. Any request for an individualized assessment including information provided by the applicant and the outcome of the assessment
   vi. Any other records kept concerning the applicant, the application, or the decision regarding the application
5. All documents concerning rental applications submitted during the last three (3) years by persons who used rental assistance. Your response should, at a minimum, include:
   i. The application
   ii. Record of payment of the application fee
   iii. All written communication from or to the applicant by Bay Property Management or its employees, agents, or contractors
   iv. All written communication from or to the entity issuing the rental assistance by Bay Property Management or its employees, agents, or contractors
   v. All documents reflecting the decision to rent or to not rent to the applicant, including all documents that refer or relate to the decision and its justification
   vi. All documents concerning any appeal, request to reconsider, or inquiry regarding the decision not the rent to a person with rental assistance and the outcome of that appeal, request to reconsider, or inquiry decision
   vii. Any other records kept concerning the applicant, the application, or the decision regarding the application

6. All documents relied on in the development of your policies, practices, and/or procedures regarding the use of criminal background checks and rental assistance recipients in the past three (3) years. Your response should include:

  a.  Documents sufficient to identify any studies, reports, articles, or other materials referenced in the creation, development, or revision of your policies concerning criminal background checks or rental assistance recipients.
  b.  Any validation studies conducted of your policies and procedures concerning criminal background checks or rental assistance recipients.
7. Documents sufficient to identify all employees or agents who at any point over the last three (3) years participated in or had responsibility for reviewing and deciding which tenants would be accepted or rejected.  In the alternative, please provide a list of such persons, the dates they were involved, and the role they played.

THE CIVIL RIGHTS DIVISION

Date: December 2, 2024

_____
Marquel Melton
Assistant Attorney General