IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **BAY MANAGEMENT GROUP, LLC** | * |
| Plaintiff, | * |
| v. | * Case No. 1:25-cv-02008-JRR |
| **CIVIL RIGHTS DIVISION, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,** *et al.* | * |
| Defendants. | * |

*****************************************************************************

## AFFIDAVIT OF JEFFREY M. LICHTSTEIN

I, Jeffrey M. Lichtstein, am over eighteen years of age and am competent to make the following statements:

1. I am an attorney licensed to practice law in this Court, as well as before the bars of the States of Maryland, Virginia, New York, and New Jersey.

2. I am counsel of record for Plaintiff Bay Management Group, LLC

3. I have reviewed the Motion and accompanying Memorandum of Law in Support of Preliminary Injunction and swear that the contents therein are true and correct to the best of my knowledge, information, and belief.

4. Despite numerous requests by the undersigned affiant, the OAG has repeatedly refused to provide any factual basis justifying its belief there may have been a potential civil rights violation committed by BMG. Rather, the OAG merely stated that they were investigating BMG under the "disparate impact" theory of housing discrimination.

5. On or about January 14, 2025, undersigned counsel met virtually with representatives from the OAG. During that meeting, the OAG stated that Defendants were concerned with BMG's tenants screening practices as they relate to BMG's use of criminal background checks. Specifically, the OAG believed that BMG had used the phrase "clean criminal background check" in the "tenant requirements" section of certain rental listings. Although undersigned counsel repeatedly asked the OAG to provide a single piece of evidence supporting OAG's reason to believe that BMG violated any civil rights laws, the OAG merely sent BMG's counsel two rental listings, one from *www.apartments.com* that was clearly not published by BMG, and one from 2022 that has not been active for nearly three years.

6. Undersigned counsel requested more information regarding the 2022 listing, as well as any additional basis for the investigation, to which the OAG responded via email on January 27, 2025: "At this time, we are not at liberty to share additional information regarding our investigation."

7. On or about January 31, 2025, BMG produced various documents to the OAG, pursuant to the Subpoena, attached to a Response Letter detailing BMG's substantial concerns with the investigation. The Response Letter noted that BMG maintained an entirely-legal internal policy that screened off prospective tenants that were convicted of felonies within the past ten (10) years.

8. On or about March 24, 2025, BMG's counsel held an in-person meeting with representatives from the OAG at the OAG's office in Baltimore. At the meeting, the OAG presented BMG with a written unilateral Settlement Demand, which mandated, *inter alia,* that BMG agree to: (i) completely change its lawful business practices to conform with the OAG's preferences on applicants with criminal histories, notwithstanding there has been no change in

Maryland law; (ii) submit internal policies to the OAG for its approval; (iii) submit all leasing and property management personnel to annual training, to be approved and monitored by the OAG; (iv) submit to OAG a list of all rental denials for three (3) years for the OAG's unilateral review and approval; (v) waive all application for applicants with any criminal history (not just felonies) for two (2) years; and; (vi) pay to the OAG civil penalties in the arbitrary amount of $75,000.00.

9. At the March 24, 2025 meeting, the OAG threatened that if BMG did not capitulate to its Settlement Demand, the OAG would initiate all available legal action(s) to enforce the Subpoena, command the production off all documents demanded therein, and pursue legal action for any potential civil rights violation(s).

10. By letter dated May 8, 2025, BMG rejected the "settlement" offer and explained its objection, once again, to the baseless investigation.

11. The OAG refused to respond to BMG's substantive concerns with the Subpoena and instead simply demanded BMG's unconditional compliance with the Subpoena by producing all documents demanded therein no later than June 20, 2025.

I SOLEMNLY affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing Affidavit are true.

Dated: July 3, 2025

Jeffrey M. Lichtstein

4915-9530-2483, v. 1