IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **BAY MANAGEMENT GROUP, LLC** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:25-cv-02008-JRR |
| | * | |
| **CIVIL RIGHTS DIVISION,** | * | |
| **OFFICE OF THE ATTORNEY** | * | |
| **GENERAL OF MARYLAND**, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF PATRICK FREEZE

I, Patrick Freeze, pursuant to 28 U.S.C. §1746, hereby swear as follows under penalty of perjury:

1. I am over 18 years of age, of sound mind and otherwise competent to give this Declaration.

2. I am the President of Plaintiff Bay Management Group, LLC ("Plaintiff" or "BMG").

3. I submit this Declaration in support of the Plaintiff's Motion for Preliminary Injunction ("Motion").

4. I have reviewed the Motion and accompanying Memorandum of Law in Support of Preliminary Injunction and declare that the contents therein are true and correct to the best of my knowledge, information, and belief.

5. Before receiving the Administrative Subpoena ("Subpoena") from Defendant Civil Rights Division, Office of the Attorney General of Maryland ("OAG") on or about December 2,

2024, BMG had never been informed of any questions, concerns, or issues that the OAG had regarding BMG's tenant screening process.

6. At no time has BMG ever been notified about any formal complaints from any governmental agency or investigative authority due to tenant applicants rejected on the grounds of criminal history or use of rental assistance.

7. BMG does not, and has never, discriminated against any tenant applicants on the basis of race, gender, color, ethnicity, religion, sexual orientation, or any other protected class under Md. Code Ann., State Gov't § 20-705.

8. BMG has received and reviewed approximately 15,000 tenant applications over the past (3) years for the more than 4,500 units that it manages in the State of Maryland.

9. In order for BMG to comply with the Subpoena, which requested tenant applications and all related documents for the past three (3) years, BMG would ultimately need to decipher which of its tenant applications (and related emails and other internal documents) were submitted by applicants with (i) criminal histories, (ii) utilizing rental assistance, or (iii) neither.

10. To do so, BMG would either need to: (i) expend hundreds of hours dedicating nearly all of its employees/staff to reviewing more than 15,000 rental applications and 100,000 unique documents for responsiveness, or (ii) incur costs of a third-party vendor to upload, sort, review, and produce responsive documents. The cost of a third-party vendor was quoted to BMG to be more than $200,000.

11. The use of BMG staff to gather, sort, and review produce hundreds of thousands of documents for responsiveness to the Subpoena, and then produced such documents, would have a severe and detrimental effect on BMG's day-to-day business operations. This massive effort

would negatively affect property owners, tenants, and all other persons who are involved in BMG's business of residential property management.

12. If BMG had to incur the costs of a third-party vendor, it has no resource to recoup that money in the event the Court finds in favor BMG and determines that the Subpoena was issued pursuant to an unconstitutional statute, or for any other reason.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __7/2/25__        *Patrick Freeze*
                                                           PATRICK FREEZE

4918-9013-3074, v. 1