# EXHIBIT 1

Chapter 629

**(Senate Bill 540)**

AN ACT concerning

**Human Relations – Civil Rights Enforcement – Powers of the Attorney General**

FOR the purpose of authorizing the Attorney General to investigate, prosecute, and remediate certain civil rights violations under certain circumstances and in a certain manner; authorizing the Attorney General to intervene in certain causes of action under certain circumstances; establishing certain penalties and authorizing the Attorney General to obtain certain relief in certain civil actions, conciliation agreements, and settlement agreements; authorizing the Attorney General to recover certain investigation and litigation costs in a certain manner; establishing the Civil Rights Enforcement Fund as a special, nonlapsing fund; requiring the Attorney General to coordinate with the Maryland Commission on Civil Rights in areas of overlapping jurisdiction; and generally relating to civil rights enforcement.

BY repealing and reenacting, without amendments,
    Article – State Government
    Section 20–101(a), (b), and (d)
    Annotated Code of Maryland
    (2021 Replacement Volume and 2022 Supplement)

BY adding to
    Article – State Government
    Section 20–1040 through 20–1048 to be under the new part "Part III. Enforcement by the Attorney General"
    Annotated Code of Maryland
    (2021 Replacement Volume and 2022 Supplement)

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

**Article – State Government**

20–101.

(a)     In Subtitles 1 through 11 of this title the following words have the meanings indicated.

(b)     "Commission" means the Commission on Civil Rights.

(d)     "Discriminatory act" means an act prohibited under:

(1) Subtitle 3 of this title (Discrimination in Places of Public Accommodation);

(2) Subtitle 4 of this title (Discrimination by Persons Licensed or Regulated by Maryland Department of Labor);

(3) Subtitle 5 of this title (Discrimination in Leasing of Commercial Property);

(4) Subtitle 6 of this title (Discrimination in Employment);

(5) Subtitle 7 of this title (Discrimination in Housing); or

(6) Subtitle 8 of this title (Aiding, Abetting, or Attempting Discriminatory Act; Obstructing Compliance).

**20–1038. RESERVED.**

**20–1039. RESERVED.**

PART III. ENFORCEMENT BY THE ATTORNEY GENERAL.

**20–1040.**

(A) IN THIS PART THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.

(B) "ATTORNEY GENERAL" MEANS THE ATTORNEY GENERAL AND THE OFFICE OF THE ATTORNEY GENERAL.

(C) (1) "CIVIL RIGHTS VIOLATION" MEANS AN ACT OF DISCRIMINATION PROHIBITED UNDER THE U.S. CONSTITUTION, THE MARYLAND CONSTITUTION, OR STATE OR FEDERAL LAW.

(2) "CIVIL RIGHTS VIOLATION" INCLUDES A DISCRIMINATORY ACT AS DEFINED IN § 20–101 OF THIS TITLE.

**20–1041.**

(A) THE ATTORNEY GENERAL MAY INVESTIGATE, PROSECUTE, AND REMEDIATE, ON BEHALF OF THE RESIDENTS OF THE STATE, ANY CONDUCT THAT CONSTITUTES A CIVIL RIGHTS VIOLATION.

**(B)** THE ATTORNEY GENERAL MAY NOT BRING A CIVIL RIGHTS ACTION UNDER THIS PART:

**(1)** ON BEHALF OF AN INDIVIDUAL; ~~OR~~

**(2)** AGAINST A POLITICAL SUBDIVISION;

**(3)** AGAINST ANY UNIT OF STATE OR LOCAL GOVERNMENT ESTABLISHED BY LAW; OR

**(4)** AGAINST ANY EMPLOYEE OR AGENT OF AN ENTITY IDENTIFIED IN ITEM (2) OR (3) OF THIS SUBSECTION WHO IS ACTING UNDER THE COLOR OF LAW.

**(C)** NOTHING IN THIS PART MAY BE INTERPRETED TO IMPAIR THE RIGHTS AND POWERS OF THE COMMISSION UNDER SUBTITLES 1 THROUGH 11 OF THIS TITLE.

**20–1042.**

**(A)** IF THE ATTORNEY GENERAL HAS REASONABLE CAUSE TO BELIEVE THAT A PERSON IS ENGAGED IN DISCRIMINATION PROHIBITED BY THE U.S. CONSTITUTION, THE MARYLAND CONSTITUTION, OR STATE OR FEDERAL LAW, THE ATTORNEY GENERAL MAY COMMENCE A CIVIL ACTION IN ACCORDANCE WITH THIS PART.

**(B)** THE CIVIL ACTION SHALL BE INSTITUTED IN THE CIRCUIT COURT FOR THE COUNTY WHERE:

**(1)** THE ALLEGED VIOLATOR RESIDES OR HAS A PRINCIPAL PLACE OF BUSINESS; OR

**(2)** THE ALLEGED VIOLATION OCCURRED.

**20–1043.**

**(A)** TO OBTAIN RELIEF WITH RESPECT TO AN ALLEGED CIVIL RIGHTS VIOLATION, AN ACTION SHALL BE COMMENCED NOT LATER THAN 3 YEARS AFTER THE DISCOVERY, OCCURRENCE, OR TERMINATION, WHICHEVER OCCURS LAST, OF THE ALLEGED CIVIL RIGHTS VIOLATION.

**(B)** TO OBTAIN RELIEF WITH RESPECT TO AN ALLEGED BREACH OF A CONCILIATION OR SETTLEMENT AGREEMENT ENTERED INTO UNDER THIS TITLE, AN ACTION SHALL BE COMMENCED NOT LATER THAN 3 YEARS AFTER THE DISCOVERY, OCCURRENCE, OR TERMINATION OF THE ALLEGED BREACH.

**20–1044.**

(A) BEFORE INITIATING A CIVIL ACTION, THE OFFICE OF THE ATTORNEY GENERAL SHALL CONDUCT A PRELIMINARY INVESTIGATION TO DETERMINE WHETHER THERE IS REASONABLE CAUSE TO BELIEVE THAT ANY PERSON COMMITTED A CIVIL RIGHTS VIOLATION.

(B) DURING ANY EXAMINATION, INVESTIGATION, OR HEARING, THE OFFICE OF THE ATTORNEY GENERAL MAY:

(1) SUBPOENA WITNESSES;

(2) ADMINISTER OATHS;

(3) EXAMINE INDIVIDUALS UNDER OATH; AND

(4) COMPEL PRODUCTION OF RECORDS, BOOKS, PAPERS, CONTRACTS, AND OTHER DOCUMENTS.

(C) ~~INFORMATION~~ UNLESS OBTAINED BY A METHOD INDEPENDENT OF A SUBPOENA, INFORMATION OBTAINED UNDER A SUBPOENA DESCRIBED UNDER THIS SECTION IS NOT ADMISSIBLE IN A LATER CRIMINAL PROCEEDING AGAINST THE PERSON WHO PROVIDES THE EVIDENCE.

(D) (1) EXCEPT AS PROVIDED IN PARAGRAPH (2) OF THIS SUBSECTION, THE ATTORNEY GENERAL MAY COMMENCE A CIVIL ACTION UNDER THIS PART.

(2) IF THE ATTORNEY GENERAL OBTAINS A CONCILIATION OR SETTLEMENT AGREEMENT UNDER THIS PART, NO ACTION MAY BE FILED UNDER THIS PART WITH RESPECT TO THE ALLEGED CONDUCT THAT FORMS THE BASIS FOR THE COMPLAINT COVERED BY THE AGREEMENT EXCEPT FOR THE PURPOSE OF ENFORCING THE TERMS OF THE AGREEMENT.

(E) THE ATTORNEY GENERAL MAY INTERVENE IN A CIVIL ACTION CONCERNING AN ALLEGED CIVIL RIGHTS VIOLATION, IF:

(1) THE ATTORNEY GENERAL CERTIFIES THAT THE CASE IS OF GENERAL IMPORTANCE; AND

(2) TIMELY APPLICATION IS MADE.

**20–1045.**

(A) THE ATTORNEY GENERAL MAY SEEK AN INJUNCTION TO PROHIBIT A PERSON THAT HAS ENGAGED OR IS ENGAGING IN A CIVIL RIGHTS VIOLATION, FROM CONTINUING OR ENGAGING IN THE VIOLATION.

(B) IN A REQUEST FOR INJUNCTIVE RELIEF BROUGHT UNDER THIS SECTION, THE ATTORNEY GENERAL IS NOT REQUIRED TO:

(1) POST BOND;

(2) ALLEGE OR PROVE THAT AN ADEQUATE REMEDY AT LAW DOES NOT EXIST; OR

(3) ALLEGE OR PROVE THAT SUBSTANTIAL OR IRREPARABLE DAMAGE WOULD RESULT FROM ANY CONDUCT ALLEGED.

(C) THE OFFICE OF THE ATTORNEY GENERAL SHALL SERVE NOTICE OF THE GENERAL RELIEF SOUGHT ON THE ALLEGED VIOLATOR AT LEAST 7 DAYS BEFORE THE ACTION FOR AN INJUNCTION IS FILED.

(D) THE COURT MAY ENTER ANY ORDER OF JUDGMENT NECESSARY TO:

(1) PREVENT THE USE BY A PERSON OF ANY PROHIBITED PRACTICE;

(2) RESTORE TO A PERSON ANY MONEY, REAL PROPERTY, OR PERSONAL PROPERTY ACQUIRED BY MEANS OF ANY PROHIBITED PRACTICE; OR

(3) APPOINT A RECEIVER TO PREVENT WILLFUL VIOLATION OF THIS TITLE.

20–1046.

(A) IN ANY CIVIL ACTION BROUGHT UNDER THIS PART, OR ANY CONCILIATION OR SETTLEMENT AGREEMENT ENTERED INTO UNDER THIS PART, THE ATTORNEY GENERAL MAY OBTAIN AS A REMEDY EQUITABLE RELIEF, INCLUDING:

(1) A PERMANENT INJUNCTION;

(2) A PRELIMINARY INJUNCTION;

(3) A TEMPORARY RESTRAINING ORDER; OR

(4) ANY OTHER ORDER, INCLUDING:

    **(I)** AN ORDER ENJOINING THE DEFENDANT FROM ENGAGING IN CIVIL RIGHTS VIOLATIONS; OR

    **(II)** AN ORDER REQUIRING ANY APPROPRIATE ACTION.

  **(B)** **(1)** IN ANY CIVIL ACTION BROUGHT UNDER THIS PART, OR ANY CONCILIATION OR SETTLEMENT AGREEMENT ENTERED INTO UNDER THIS PART, THE ATTORNEY GENERAL MAY OBTAIN A CIVIL PENALTY TO VINDICATE THE PUBLIC INTEREST.

   **(2)** A CIVIL PENALTY IMPOSED UNDER THIS SUBSECTION SHALL BE IN AN AMOUNT NOT EXCEEDING:

    **(I)** $10,000 FOR A FIRST VIOLATION; OR

    **(II)** $25,000 FOR A SECOND OR SUBSEQUENT VIOLATION;

   **(3)** THE FINES PROVIDED FOR IN THIS SUBSECTION:

    **(I)** ARE CIVIL PENALTIES AND ARE RECOVERABLE BY THE STATE IN A CIVIL ACTION; AND

    **(II)** SHALL BE DEPOSITED IN THE CIVIL RIGHTS ENFORCEMENT FUND ESTABLISHED UNDER § 20–1047 OF THIS PART.

  **(C)** IN ANY CIVIL ACTION BROUGHT UNDER THIS PART, OR ANY CONCILIATION OR SETTLEMENT AGREEMENT ENTERED INTO UNDER THIS PART, THE ATTORNEY GENERAL MAY OBTAIN RESTITUTION, INCLUDING A REQUIREMENT THAT THE VIOLATOR OR ALLEGED VIOLATOR:

   **(1)** REIMBURSE THE COSTS OF THE INVESTIGATION AND LITIGATION TO THE ATTORNEY GENERAL AND THE COMMISSION;

   **(2)** MAKE RESTITUTION TO ANY AGGRIEVED PERSON OF MONEY, PROPERTY, OR ANY OTHER THING RECEIVED FROM THE AGGRIEVED PERSON IN CONNECTION WITH A VIOLATION OR AN ALLEGED VIOLATION OF THIS TITLE;

   **(3)** PAY ECONOMIC DAMAGES TO AN AGGRIEVED PERSON; OR

   **(4)** POST A PERFORMANCE BOND OR OTHER SECURITY.

**20–1047.**

**(A)** IN THIS SECTION, "FUND" MEANS THE CIVIL RIGHTS ENFORCEMENT FUND.

**(B)** THERE IS A CIVIL RIGHTS ENFORCEMENT FUND.

**(C)** THE PURPOSE OF THE FUND IS TO PROVIDE FUNDING FOR:

    **(1)** CIVIL RIGHTS ENFORCEMENT ACTIVITIES OF THE ATTORNEY GENERAL AND THE COMMISSION; AND

    **(2)** EDUCATION AND OUTREACH IN THE COMMUNITY RELATING TO CIVIL RIGHTS VIOLATIONS.

**(D)** **(1)** THE FUND IS A SPECIAL, NONLAPSING FUND THAT IS NOT SUBJECT TO § 7–302 OF THE STATE FINANCE AND PROCUREMENT ARTICLE.

    **(2)** THE STATE TREASURER SHALL HOLD THE FUND SEPARATELY, AND THE COMPTROLLER SHALL ACCOUNT FOR THE FUND.

**(E)** THE FUND CONSISTS OF:

    **(1)** CIVIL PENALTIES DEPOSITED INTO THE FUND UNDER § 20–1046 OF THIS PART;

    **(2)** MONEY APPROPRIATED IN THE STATE BUDGET TO THE FUND; AND

    **(3)** ANY OTHER MONEY FROM ANY OTHER SOURCE ACCEPTED FOR THE BENEFIT OF THE FUND.

**(F)** THE FUND MAY BE USED ONLY:

    **(1)** TO REIMBURSE THE ATTORNEY GENERAL AND THE COMMISSION FOR COSTS ASSOCIATED WITH INVESTIGATING AND PROSECUTING CIVIL RIGHTS VIOLATIONS; AND

    **(2)** EDUCATION AND OUTREACH IN THE COMMUNITY RELATING TO CIVIL RIGHTS VIOLATIONS.

**(G)** **(1)** THE STATE TREASURER SHALL INVEST THE MONEY OF THE FUND IN THE SAME MANNER AS OTHER STATE MONEY MAY BE INVESTED.

    **(2)** INTEREST EARNINGS OF THE FUND SHALL BE CREDITED TO THE GENERAL FUND OF THE STATE.

Ch. 629                                                                              2023 LAWS OF MARYLAND

**(H)** EXPENDITURES FROM THE FUND MAY BE MADE ONLY IN ACCORDANCE WITH THE STATE BUDGET.

**(I)** MONEY OF THE FUND IS NOT SUBJECT TO TRANSFER BY BUDGET AMENDMENT.

**(J)** MONEY EXPENDED FROM THE FUND FOR THE ENFORCEMENT ACTIVITIES OF THE ATTORNEY GENERAL AND THE COMMISSION IS SUPPLEMENTAL TO AND IS NOT INTENDED TO TAKE THE PLACE OF FUNDING THAT WOULD OTHERWISE BE APPROPRIATED FOR THE ATTORNEY GENERAL OR THE COMMISSION.

**20–1048.**

**(A)** IN AREAS OF OVERLAPPING JURISDICTION, THE ATTORNEY GENERAL AND THE COMMISSION SHALL COORDINATE <u>AND MAKE</u> REFERRALS TO MINIMIZE <u>AND ELIMINATE</u> DUPLICATION OF EFFORT AND PROMOTE COLLABORATION.

**(B)** **(1)** THE ATTORNEY GENERAL, IN COORDINATION WITH THE COMMISSION, SHALL ADOPT REGULATIONS TO IMPLEMENT THIS SECTION.

**(2)** THE ATTORNEY GENERAL SHALL PUBLISH PROPOSED REGULATIONS UNDER THIS SUBSECTION FOR NOTICE AND COMMENT ON OR BEFORE JULY 1, 2024.

SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2023.

**Approved by the Governor, May 16, 2023.**